***UNITED STATES DISTRICT COURT***
***DISTRICT OF MAINE***

| | | |
|---|---|---|
| ***ALLISON SOCOBY, o/b/o R. R.,***[1] | ***)*** | |
| | ***)*** | |
| ***Plaintiff*** | ***)*** | |
| | ***)*** | |
| ***v.*** | ***)*** | ***Civil No. 09-115-B-W*** |
| | ***)*** | |
| ***MICHAEL J. ASTRUE,*** | ***)*** | |
| ***Commissioner of Social Security,*** | ***)*** | |
| | ***)*** | |
| ***Defendant*** | ***)*** | |

***REPORT AND RECOMMENDED DECISION***[2]

This Supplemental Security Income ("SSI") appeal raises the question of whether, on the facts of this case, the commissioner should have notified the claimant that he planned to rely on the fact that the child in question failed to comply with a prescribed medical course of treatment. For the reasons that follow, I recommend that the court affirm the commissioner's decision.

The sequential evaluation process generally followed by the commissioner in making disability determinations, *see* 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), is somewhat modified when the claimant is a child, 20 C.F.R. § 416.924, as is the case here. In accordance with that section, the administrative law judge found, in relevant part, that the child, who was born on June 6, 1992, suffered from

---

[1] In accordance with Fed. R. Civ. P. 5.2(a)(3), I have used only the initials of the minor child in the caption of this case.

[2] This action is properly brought under 42 U.S.C. § 1383(c). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on December 18, 2009, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

bilateral sensorineural hearing loss, an impairment that was severe but did not meet, medically equal, or functionally equal the criteria of any impairment included in Appendix 1 to Subpart P of 20 C.F.R. Part 404 (the "Listings"), Findings 1, 3-5, Record at 16-17; and that he, therefore, had not been disabled, as that term is defined in the Social Security Act, at any relevant time, Finding 6, *id*. at 24. The Decision Review Board affirmed the decision of the administrative law judge, *id*. at 4-5, making it the final determination of the commissioner, 20 C.F.R. § 405.420.

The standard of review herein is whether the commissioner's determination is supported by substantial evidence. 42 U.S.C. 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs*., 647 F.2d 218, 222 (1st Cir. 1981).

**Discussion**

When a claim for benefits is made on behalf of a child, the commissioner must first determine whether the alleged impairment is severe. 20 C.F.R. § 416.924(a), (c). If the impairment is found to be severe, as was the case here, the question becomes whether the impairment is one that is listed in, or medically or functionally equals, the Listings. 20 C.F.R. § 416.924(a). If the impairment, or combination of impairments, does not meet or equal this standard, the child is not disabled. 20 C.F.R. § 416.924(d)(2).

An impairment or combination of impairments is medically equal in severity to a listed impairment when the medical findings are at least equal in severity and duration to the listed findings; medical equivalence must be based on medical findings. 20 C.F.R. § 416.926(a) & (b). Medical evidence includes symptoms, signs, and laboratory findings, including audiometer,

speech reception threshold, and speech discrimination test results. 20 C.F.R. Part 404, Subpart P, Appendix 1, § 2.00(B)(1). An impairment or combination of impairments is functionally equivalent to a listed impairment when it results in marked limitations in two domains of functioning or an extreme limitation in one domain, based on all of the evidence in the record. 20 C.F.R. § 416.926a(a) & (b).

A "marked" limitation occurs when an impairment or combination of impairments interferes seriously with the claimant's ability independently to initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2). An "extreme" limitation exists when an impairment or combination of impairments interferes very seriously with the claimant's ability independently to initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3). No single piece of information taken in isolation can establish whether a particular limitation is marked or severe. 20 C.F.R. § 416.926a(e)(4).

In this case, the administrative law judge found that the plaintiff's child had less than marked limitations in the domains of acquiring and using information, and health and physical well-being. Record at 20-21, 23-24. He found that the child had no limitations in any of the other four domains. *Id*. at 21-23. The plaintiff does not challenge any of these findings directly. Rather, she asserts that the administrative law judge evaluated the child's limitations in each domain assuming that he was using his hearing aids, and that, before doing so, he was required by Social Security Ruling 82-59 to notify the plaintiff that he would do so and give her the opportunity to demonstrate that the child's refusal to use his hearing aids was justifiable. Statement of Specific Errors ("Itemized Statement") (Docket No. 9) at 2-5.

The Social Security Ruling on which the plaintiff relies includes the following language:

> Based on the evidence in file, SSA may decide that it appears that the claimant or beneficiary does not have a good reason for failing to follow

> treatment as prescribed by a treating source and that the treatment is expected to restore ability to engage in any S[ubstantial] G[ainful] A[ctivity] . . . . However, before a determination is made, the individual, or in the case of incapable individuals the person acting on their behalf, will be informed of this fact and of its effect on eligibility for benefits. The individual will be afforded an opportunity to undergo the prescribed treatment or to show justifiable cause for failing to do so.
>
> * * *
>
> *Initial Claim* – If a determination is made that within 12 months of onset failure to follow prescribed treatment has occurred and it is not justifiable, the claim must be denied because the duration requirement is not met. If the determination is made that "failure" did not occur until at least 12 months after onset, a period of disability may be established, with payment of benefits to continue as usual through the second month after the month disability ends.
>
> The issue of failure to follow prescribed treatment should be resolved as quickly as possible. However, in a case where the issue of "failure" arises or remains unresolved 12 months after onset, an allowance is in order. The issue of "failure" and if it is justifiable will continue to be developed. If the issue of "failure" arises at the hearing or A[ppeals] C[ouncil] levels, if not fully developed through testimony and/or evidence submitted, and it has been 12 months after onset, a favorable decision will be issued, and the case will be referred for development of failure to follow prescribed treatment.

Social Security Ruling 82-59, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982, at 797-98.

The Ruling appears to be designed for application to adult claimants rather than minors, but, at oral argument, counsel for the commissioner disavowed any reliance on such a limitation, choosing instead to rely solely on his contention that the Ruling applies only in limited circumstances not present in this case. The commissioner contended that the Ruling applies only where an administrative law judge finds that a claimant would not be disabled, but for his or her failure to follow prescribed medical treatment.

Here, the administrative law judge did not find that the minor would be disabled if he did not wear his hearing aids. As counsel for the commissioner stated at oral argument, a finding of severity at Step 2 of the sequential evaluation process says nothing about the effects of the

impairment on the claimant's ability to perform work-related activities, or, in the case of a minor child, the ability to perform in each of the six domains that form the regulatory basis for evaluation of children's claims.

Contrary to the plaintiff's contention, it is not evident from the administrative law judge's opinion that he in fact "reli[ed] upon the Plaintiff's failure to wear his hearing aid[]s to determine that he was not disabled." Itemized Statement at 4. To the contrary, if the administrative law judge in fact addressed the child's limitations in the six domains without the use of hearing aids, the entire foundation of the plaintiff's argument disappears. The administrative law judge's detailed discussion of the child's hearing ability when not using his hearing aids, Record at 18-19, suggests that his analysis is in fact based on that approach. If the administrative law judge had based his opinion on the child's failure to comply with the prescribed treatment of using his hearing aids, he would have said as much. He did not. Accordingly, the predicate for the plaintiff's argument must fail.

In addition, if SSR 82-59 does apply in this case, the plaintiff's application for benefits for her child states that his disability began on December 2, 2005. Record at 148. It appears from the record that the child's failure to use his hearing aids began within 12 months of that date. *E.g.*, *id*. at 179, 333. Accordingly, by the terms of SSR 82-59, if the child's failure to use his prescribed hearing aids is considered, his claim must be denied "because the duration requirement is not met."

The foregoing distinguishes this case from the *dicta* in *Alexander v. Astrue*, No. 07-477, 2008 WL 918517 (W.D.La. Mar. 31, 2008), at *5, a case that involved failure to take prescribed medications, and the only authority cited by the plaintiff, Itemized Statement at 4.

**Conclusion**

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

***NOTICE***

***A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.***

***Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.***

Dated this 29th day of December, 2009.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge